IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| **MIKALA REDDING**, on behalf of herself and all others similarly situated, | ) Case No.<br>)<br>) Judge |
| Plaintiff, | ) |
| vs. | ) **COLLECTIVE ACTION COMPLAINT** |
| **COLLIER DEVELOPMENT RESTAURANTS, INC.** | ) **JURY DEMAND**<br>) |
| – and – | ) |
| **COLLIER & DAUGHTERS, INC.** | ) |
| – and – | ) |
| **TRI-C, INC.,** | ) |
| Defendants. | ) |

Plaintiff Mikala Redding ("Plaintiff"), on behalf of herself and all others similarly situated, for her collective action Complaint against Defendants Collier Development Restaurants, Inc., Collier & Daughters, Inc., and Tri-C, Inc. ("Defendants"), states as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA").

2. Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of [her]self or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" persons who may join this case pursuant to §216(b)." (the "Putative Collective")

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants reside in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

## PARTIES

5. Plaintiff is an adult who resides in White Pine, Tennessee (Jefferson County).

6. Within the three years preceding the filing of this Action, Plaintiff was employed by Defendants as a non-exempt employee paid on an hourly basis.

7. At all relevant times, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e).

8. Each Defendant is a Tennessee for-profit corporation that can be served through its registered statutory agent: Jessica Elise Collier Massey, at 473 Old Douglas Dam Rd, Sevierville, TN 37876-1678.

9. At all relevant times, Defendants individually and jointly comprised an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all relevant times, Plaintiff and the Putative Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTS

11. Defendants jointly own and operate multiple restaurants in Tennessee, including:[1]

    a. Flapjack's Pancake Cabin in Kodak, Gatlinburg, Pigeon Forge, and Sevierville;[2]

    b. Corky's Ribs & BBQ in Pigeon Forge;[3]

    c. Golden Corral in Pigeon Forge and Sevierville;[4]

    d. Quaker Steak & Lube in Sevierville;[5]

    e. Smoky Mountain Pancake House in Pigeon Forge;[6]

    f. Smoky's Pancake Cabin in Pigeon Forge;[7]

    g. TGI Friday's in Gatlinburg, Pigeon Forge, and Sevierville;[8] and,

    h. The Melting Pot in Gatlinburg.[9]

12. At all relevant times, Defendants were individual and joint "employers" within the meaning of the FLSA.

13. Defendants jointly employ servers to provide services to its restaurant patrons.

14. Members of the Putative Collective were jointly employed as Servers at Defendants' Tennessee locations within the last three years.

15. Plaintiff was employed as a Server at Defendants' Sevierville, Tennessee Quaker Steak & Lube location from approximately April 27, 2022, through August 24, 2022.

---

[1] https://collierrestaurantgroup.com/restaurants/ (last viewed 9/15/2022).
[2] https://collierrestaurantgroup.com/restaurants/flapjacks/ (last viewed 9/15/2022).
[3] https://collierrestaurantgroup.com/restaurants/corkys/ (last viewed 9/15/2022).
[4] https://collierrestaurantgroup.com/restaurants/golden-corral/ (last viewed 9/15/2022).
[5] https://collierrestaurantgroup.com/restaurants/quaker-steak-lube/ (last viewed 9/15/2022).
[6] https://collierrestaurantgroup.com/restaurants/smoky-mountain-pancake-house/ (last viewed 9/15/2022).
[7] https://collierrestaurantgroup.com/restaurants/smokys-pancake-cabin/ (last viewed 9/15/2022).
[8] https://collierrestaurantgroup.com/restaurants/tgi-fridays/ (last viewed 9/15/2022).
[9] https://collierrestaurantgroup.com/restaurants/the-melting-pot/ (last viewed 9/15/2022).

16. Defendants shared operational control over significant aspects of the day-to-day functions of Plaintiff and the Putative Collective, including supervising and controlling their schedule and conditions of employment.

17. Defendants shared authority to hire, fire and discipline employees, including Plaintiff and the Putative Collective.

18. Defendants shared authority to set rates and methods of compensation of employees, including Plaintiff and the Putative Collective.

19. Defendants shared control and maintenance of employment records.

20. Defendants have shared and mutually benefitted from the work and services performed by Plaintiff and the Putative Collective.

21. Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and the Putative Collective.

22. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and the Putative Collective.

23. Defendants pay their Servers, including Plaintiff and the Putative Collective, at an hourly rate below minimum wage. By paying Plaintiff and Putative Collective Members less than the minimum wage per hour, Defendants are taking advantage of a tip credit which allows Defendants to count a portion of the amounts Servers receive as tips towards Defendants' obligation to pay tipped employees a minimum wage.

24. However, Defendants maintain a policy and practice whereby Servers are required, during their regular shifts, to perform non-tip producing "side work" unrelated to the Servers' tipped occupation, as well as non-tip producing side work related to the Servers' tipped occupation.

4

25. Specifically, Defendants maintain a policy and practice whereby Servers are required to spend a substantial amount of time performing non-tip producing side work, including, but not limited to, general cleaning of the restaurant, preparing food for customers, refilling condiments, and clearing tables.

26. While Plaintiff and Putative Collective Members were performing non-tip producing side work, Defendants continued to pay Plaintiff and Putative Collective Members less than minimum wage and relied on the tip credit to meet Defendants' obligation to pay Plaintiff and Putative Collective Members minimum wage.

27. Defendants' policy and practice of paying Plaintiff and Putative Collective Members the tipped minimum wage while they were performing non-tip producing work violated the FLSA. As such, Plaintiff and the Putative Collective Members were not compensated appropriately at the minimum wage mandated by the FLSA.

28. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

30. The collective that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is also a member, is composed of and defined as follows:

> **All current and former Servers employed at Defendants' Tennessee restaurants who were paid the tipped minimum wage at any time during the three (3) years preceding the date of the filing of this Action through final disposition of this matter**.

31. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wages, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

32. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid minimum wages, liquidated damages, attorneys' fees, and costs under the FLSA.

## COUNT ONE
**(FLSA Minimum Wage Violations)**

33. Plaintiff, on behalf of herself and the Putative Collective Members, alleges and incorporates by reference all allegations in all preceding paragraphs.

34. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

35. At all times relevant, Plaintiff and the Putative Collective Members have been employees of Defendants, and Defendants have been individual and joint employers of Plaintiff and the Putative Collective Members within the meaning of the FLSA.

36. At all times relevant, Plaintiff and the Putative Collective Members have been covered by the FLSA.

37. Defendants failed to pay Plaintiff and the Putative Collective Members the minimum hourly wages to which they are entitled under 29 U.S.C. § 206.

6

38. Defendants were not eligible to avail themselves of the tipped minimum wage rate under the FLSA, because Defendants required Plaintiff and the Putative Collective Members to perform a substantial amount of dual job duties and side work. During these periods, Defendants compensated Plaintiff and the Putative Collective Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by the FLSA.

39. Due to Defendants' violations of the FLSA, Plaintiff and Putative Collective Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages equal in amount to the unpaid wages owed within three years of the violation or of when the violation ceased if it was continuing in nature, and reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff and the Putative Collective;

C. Award Plaintiff and the Putative Collective actual damages for unpaid wages;

D. Award Plaintiff and Putative Collective liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the Putative Collective;

E. Award Plaintiff and the Putative Collective pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the Putative Collective attorneys' fees, costs, and disbursements; and,

G. Award Plaintiff and Putative Collective further and additional relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Robert C. Bigelow*
Robert C. Bigelow #022022
**BIGELOW LEGAL PLLC**
4235 Hillsboro Pike, Ste. 301
Nashville, TN 37215
rbigelow@bigelowlegal.com
(615) 829-8986

Robi J. Baishnab (OH Bar 0086195)*
**NILGES DRAHER LLC**
1360 E. 9th St., Ste. 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (OH Bar 0076017)*
**NILGES DRAHER LLC**
7034 Braucher, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*General admission anticipated*

*Counsel for Plaintiff*